IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW KARL | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 08 CV 3121 |
| | ) | |
| CALUMET RIVER FLEETING, | ) | Judge Guzman |
| | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

**CALUMET RIVER FLEETING'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**NOW COMES** the Defendant, CALUMET RIVER FLEETING, ("CALUMET"), by its attorneys, BELGRADE AND O'DONNELL, P.C., and for its Answer to Plaintiff's Complaint at Law states as follows:

1.  Jurisdiction and venue lie in this action, Defendant conducts business within this forum's boundaries.

**ANSWER**:  CALUMET does not contest jurisdiction or venue.

2.  Jurisdiction is founded under the Jones Act (46 USCA 30104) for negligence, and under the General Maritime Law for unseaworthiness, maintenance, cure and wages.

**ANSWER**:  CALUMET does not contest jurisdiction or venue but denies that Plaintiff is entitled to any recovery under the Jones Act or general maritime law for unseaworthiness, maintenance and cure or wages.

3. At all times material to issues herein Plaintiff served as an employee of Defendant serving as a crew member aboard its vessels, with all acts and/or omissions giving rise to this action occurring in the course of Plaintiff's employment in the service of his ship.

**ANSWER**: CALUMET admits only that Plaintiff was an employee of CALUMET and would at times work on CALUMET'S vessels. Answering further, CALUMET denies the rest and remaining allegations of Paragraph 3, insofar as they have not been admitted.

4. On or about February 18, 2008, Plaintiff was in the course of employment which placed him in a dock of which Defendant knew or should have been aware of its state of disrepair and/or danger with Plaintiff being unaware thereby and as a result of said failure to provide a safe place to work and seaworthy vessel Plaintiff was injured..

**ANSWER**: CALUMET admits only that Plaintiff was an employee of CALUMET. Answering further, CALUMET denies the rest and remaining allegations of Paragraph 4.

5. Defendant's tortious acts aforesaid caused or contributed to Plaintiff's damages, inter alia, as follows:

    a. Pain and suffering, past, present and future;

    b. Mortification, humiliation, fright shock and embarrassment;

    c. Loss of earnings and earning capacity;

    d. Hospital, pharmaceutical and other cure expenses;

    e. Aggravation of prior condition, if any there be;

    f. Inability to engage in social, recreational, and other pursuits previously enjoyed;

    g. Mental anguish;

    h. Found;

    i. Maintenance, cure, wages and/or attorney fees.

**ANSWER**:    CALUMET denies each and every allegation of Paragraph 5, (a) through (i) inclusive.

**WHEREFORE,** Defendant, CALUMET RIVER FLEETING denies that Plaintiff, ANDREW KARL, is entitled to judgment in any amount whatsoever, and further prays that this court dismiss Plaintiff's Complaint at Law with prejudice and award Defendant, CALUMET RIVER FLEETING its costs and all other relief as deemed just and equitable.

### AFFIRMATIVE DEFENSES

Without prejudice to its denials, and any and all other statements made in the Answer, Defendant, CALUMET RIVER FLEETING. ("CALUMET"), states as its separate and its complete defense to Plaintiff's Complaint at Law, as follows:

### First Affirmative Defense

1. It was the duty of Plaintiff, ANDREW KARL, ("KARL"), before and at the time of the occurrence alleged in his Complaint at Law, to exercise due care and caution for his own safety and in a matter so as not to injure or cause injury or damages to himself.

2. Notwithstanding said duty, and in breach thereof, KARL was guilty of one or more of the following acts or omissions of negligence, misconduct or fault:

   a. Failed to observe a condition that was open and obvious to all;

   b. Failed to exercise due care to avoid the condition of which he now complains; and

   c. Failed to heed warnings and otherwise follow orders to prevent his own injuries; and

      d.      Failed to exercise due care and caution for his own safety; and

      e.      Was otherwise careless and negligent in causing his own injuries.

      3.      The aforementioned negligence, misconduct and/or fault of KARL contributed in whole or in part, to proximately cause the alleged injuries and damages for which he seeks recovery.

      4.      As a result of the negligence, misconduct and/or fault of KARL he is precluded from any recovery from Defendant, CALUMET, or in the alternative, any damages awarded to KARL, shall be diminished in proportion to the amount of negligence, misconduct and/or fault attributable to KARL.

### Second Affirmative Defense

      1.      KARL has failed to state a claim upon which relief can be granted as required under Federal Rule 12(b)(6).

      2.      As required by the Jones Act, KARL must set forth sufficient allegations to support his conclusory allegation of negligence by Calumet, as well as allege how Calumet's acts or omissions were the proximate cause of his alleged injuries and damages, however, KARL's Complaint fails to do this.

      3.      Similarly, KARL has also failed to properly state a claim under the general maritime law for unseaworthiness, maintenance and cure and wages.

      4.      Accordingly, KARL's claim should be dismissed with prejudice as he has not properly asserted a claim entitling him to any relief.

**WHEREFORE**, Defendant, CALUMET RIVER FLEETING., denies that Plaintiff, ANDREW KARL, is entitled to judgment in any amount whatsoever, and further prays that this Court dismiss Plaintiff's Complaint at law with prejudice and award Defendant CALUMET RIVER FLEETING., its costs and all other relief as deemed just and equitable.

**DEFENDANT DEMANDS TRIAL BY JURY**

**CALUMET RIVER FLEETING**

By: /s/: Ross M. Kucera
One of Its Attorneys

Steven B. Belgrade
Ross M. Kucera
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive, Suite 1900
Chicago, Illinois  60606
312/422-1700

**CERTIFICATE OF SERVICE**

Ross M. Kucera, one of the attorneys for Defendant, CALUMET RIVER FLEETING, certifies that the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW was served upon all counsel of record via electronic filing this 11th day of July, 2008.

\s\: Ross M. Kucera