```
            IN THE UNITED STATES DISTRICT COURT
           OF THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

ANDREW KARL                    )
                               )
          Plaintiff,           )
     v.                        )    No.: 08 CV 3121
                               )
CALUMET RIVER FLEETING,        )    Judge Guzman
                               )
                               )    Magistrate Judge Schenkier
                               )
          Defendant.           )
```

**PARTIES' AGREED INITIAL STATUS REPORT**

1.  The Parties Joint Status Report is as follows:

    A.  Pursuant to Fed. R. Civ. P. 26(f), communications were held between the parties in 08CV3121 between:

        Dennis O'Bryan for Plaintiff Andrew Karl.

        Ross M. Kucera for Defendant Calumet River Fleeting.

    B.  Federal Jurisdiction is based upon the claim that Defendant was negligent under the Jones Act (46 USCA 30104) and under General Maritime Law.

    C.  Plaintiff alleges that on or about February 18, 2008, Plaintiff was in the course of employment when he was on a dock in which Defendant knew, or should have known, was in a state of disrepair and/or danger and that its failure to provide Plaintiff with a safe place to work resulted in Plaintiff being injured when Plaintiff was struck by falling debris from the dock,

and that said failure to provide a safe place to work rendered the vessel unseaworthy.

Defendant has denied any fault or liability and filed certain Affirmative Defenses, including, that it was the duty of Plaintiff, before and at the time of the occurrence alleged in his Complaint at Law, to exercise due care and caution for his own safety and in a matter so as not to injure or cause injury or damages to himself.  Notwithstanding said duty, and in breach thereof, Karl was guilty of one or more acts or omissions of comparative negligence, misconduct or fault.

Defendant has also alleged that Plaintiff has failed to state a claim upon which relief can be granted as required under Federal Rule 12(b)(6).  As required by the Jones Act, Karl must set forth sufficient allegations to support his claim of negligence by Calumet, as well as allege how Calumet's acts or omissions were the proximate cause of his alleged injuries and damages. However, Karl's Complaint fails to do this.  Similarly, Defendant maintains that Karl has also failed to properly state a claim under the

     general maritime law for unseaworthiness, maintenance and cure and wages.

D.    Currently, the registered agent for another defendant, EMESCO has been recently served by mail with summons.

E.    The principal legal issues with respect to Calumet are: was or was not Calumet negligent; was or was not the vessel unseaworthy; were Calumet's alleged acts or omissions the proximate cause of Karl's injuries; additionally, Karl's comparative negligence in contributing in whole or part to his own accident; whether Karl has failed to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) and the fault and liability of EMESCO.

F.    The principal factual issues with respect to Calumet to be resolved are whether or not Calumet's alleged acts or omissions were negligent and, if so, whether said negligence was the proximate cause of Karl's alleged injury, and to what extent Karl's own negligence was the proximate cause of his own injury; additionally, the fault and liability of EMESCO.

G.    Both parties have demanded a jury.

H.    To date, no discovery has been requested or exchanged between Plaintiff and the Defendant. Necessary discovery will encompass between 4-6 fact witness

depositions; compilation of all medical records, accident reports, etc.; and 1-3 treating physician depositions. An IME may also be required. The parties have not yet determined the scope and extent of necessary expert witness depositions.

The parties propose the following discovery schedule:

Written discovery to be completed by November 10, 2008;

Party and witness depositions to be completed by January 10, 2009; and

Expert depositions to be completed by April 6, 2009.

Fact discovery to be closed as of April 6, 2009.

I. The parties anticipate that it may require at least 16 months to be ready for trial on this matter (which would include time for dispositive motions and any required pre-trial submissions). The parties anticipate that the trial will take between 2-5 days.

J. The parties do not unanimously agree to proceed before a Magistrate.

K. There have been no settlement discussions at this time.

L. The parties do not request a settlement conference at this time, but it may be productive after discovery is taken.

2.  The Initial Status Conference is to be held on September 10, 2008 at 9:00 a.m.

                                    **CALUMET RIVER FLEETING**

                              By: \s\: Ross M. Kucera
                                  One of Its Attorneys

Steven B. Belgrade
Ross M. Kucera
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive, Suite 1900
Chicago, Illinois  60606
312/422-1700

## CERTIFICATE OF SERVICE

Ross M. Kucera, one of the attorneys for Defendant, CALUMET RIVER FLEETING, certifies that the foregoing PARTIES' AGREED INITIAL STATUS REPORT was served upon all counsel of record via electronic filing this 8th day of September, 2008.

                                    \s\: Ross M. Kucera